FILED

02/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0501

DA 16-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 34N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

ROBERT O. HOPE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause Nos. DC 09-002 and DV 10-100
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Robert O. Hope (Self-Represented), Shelby, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison Mattioli, Assistant Attorney General, Helena, Montana

            Olivia Norlin-Rieger, Dawson County Attorney, Glendive, Montana

Submitted on Briefs:  January 11, 2017

Decided:  February 21, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In Cause No. 16-0501, Robert Oliver Hope (Hope) appeals from the September 2, 2010 order of the Seventh Judicial District Court, Dawson County, denying his petition for postconviction relief (PCR). In Cause No. 16-0405, Hope appeals from the District Court's order denying his second PCR petition and motion for substitution of district judge. The above-captioned proceedings arise from the same facts and involve the same underlying proceeding. Consequently, we have determined to consolidate the two appeals under Cause No. 16-0501.

¶3 Hope pled guilty pursuant to a plea agreement to four counts of Sexual Intercourse Without Consent on April 16, 2009. On September 10, 2009, the District Court sentenced Hope to forty-five years in the Montana State Prison. He did not appeal. On August 30, 2010, Hope filed his first PCR petition with the District Court (DV 10-100), alleging errors including ineffective assistance of counsel during the plea agreement proceedings, error in drafting of the presentence investigation report, error in the administration of his psycho-sexual evaluation, and error in the District Court's failure to give reasons for Hope's sentence and consider alternatives to prison. On September 2,

2010, the court dismissed the petition, finding that his claim was barred under § 46-21-105(2), MCA,[1] and further concluding that each of the four issues he raised in his claim substantively failed under § 46-21-201(1)(a), MCA.[2]

¶4      In June of 2016, Hope filed a Motion for Re-Sentencing and a Motion for Substitution (DC 09-002). The District Court denied Hope's substitution motion as untimely and subsequently denied his motion for resentencing, treating it as an untimely and nonconforming PCR petition.[3] Hope now appeals the District Court's denial of his 2010 and 2016 PCR petitions as well as the court's denial of his substitution motion. We have consolidated Cause Nos. DV 10-100 and DC 09-002 for purposes of disposition.

¶5      We review a district court's denial of a PCR petition to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576. We review de novo a district

---

[1] Section 46-21-105(2), MCA, provides:

(2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.

[2] Section 46-21-201(1)(a), MCA, requires the court to conduct an initial review of a PCR petition and provides that "[f]ollowing its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief. . . ."

[3] We note that Hope's second PCR petition alleges many of the same grounds for relief and errors in his underlying conviction as he alleged in his first petition. We also note that he does not allege the existence of newly discovered evidence entitling to him to relief. The remaining errors he alleges are unsubstantiated by the record and by the evidence Hope has presented.

court's interpretation and application of a statute. *Dick Irvin Inc. v. State*, 2013 MT 272, ¶ 18, 372 Mont. 58, 310 P.3d 524.

¶6 Section 46-21-203, MCA, provides that an appeal in a postconviction matter must be taken within 60 days of the entry of the order. A district court must dismiss "a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA. Under § 3-1-804(1)(b), MCA, a criminal defendant is entitled to one substitution of a district judge; however, "a motion for substitution by the prosecution or the defendant must be filed within 10 calendar days after the defendant's arraignment."

¶7 In this case, the District Court denied Hope's first PCR petition on September 2, 2010, over six years ago. As such, it is far too late for an appeal of that matter. Further, after reviewing the second petition, the pleadings, and the record in this case, we conclude that the grounds for relief upon which Hope relies reasonably could have been raised in his first PCR petition. Because Hope did not appeal his first PCR petition within 60 days of the District Court's order denying his petition, and because Hope's arguments in his second PCR petition were or could have been raised in his first petition, we conclude that the District Court did not err in dismissing both petitions.

¶8 We also conclude that the District Court did not err in denying Hope's motion for substitution. Hope was arraigned in 2009, but he did not file his motion for substitution until June of 2016. As such, Hope's motion was untimely under § 3-1-804(1)(b), MCA.

4

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR